PETER T. SMITH and others *v.* BROWN and HANSON.

A bill had been filed against "The Trenton Delaware Falls Company," on the ground of insolvency, on which Receivers had been appointed, and a sale made, by the Receivers, of all the real estate of the Company, free from all incumbrances. The proceeds were ordered to be paid in discharge of incumbrances, according to the priority thereof. The Trenton Bank held mortgages on all the real estate of the Company. The Falls Company, after giving the mortgages to the Bank, and before the filing of the said bill, sold a part of their real estate, all of which was so mortgaged to the Bank, to B. and H. The Bank bought at the Receivers' sale all the real estate then held by the Falls Company; and received from the proceeds of the sale the full amount of their incumbrances; and the proceeds of the sale were not sufficient to pay P. T. S. the amount of a judgment obtained by him subsequent to the mortgages held by the Bank, and subsequent to the sale by the Falls Company of a part of their real estate to B. and H. P. T. S. filed a bill against B. and H., to compel them to contribute towards the payment of his judgment so much as would have been a just proportion of the amount of the mortgages held by the Bank to be paid out of the lands so sold to B. and H., and which were covered by the mortgages to the Bank. After the filing of this bill, and after answer and replication filed and evidence taken, P. T. S. caused an execution to be issued on his judgment, and caused a sale to be made by the Sheriff of all the real estate of the Falls Company which had been so sold by the Receivers; under the idea entertained by his counsel that the said sale by the Receivers was void. At this sale the Bank bid a sum sufficient for the payment of the judgment of P. T. S.; and the Sheriff struck off the property to the Bank, and gave the Bank his Sheriff's deed for it; and the judgment of P. T. S. was paid with the money received by the Sheriff from the Bank on this sale. A motion was then made, on behalf of B. and H., that the said bill of P. T. S. be dismissed with costs. The court dismissed the bill without costs.

In 1843, a bill was filed by Peter T. Smith and others, judgment creditors of "The Trenton Delaware Falls Company," under the "Act to prevent frauds by incorporated companies," on the ground of the insolvency of the said Company; and Receivers were appointed; and a sale was made by the Receivers of all the real estate of the Company, free from all incumbrances. The proceeds of the sale were ordered to be paid in discharge of incumbrances according to the priority thereof. The Trenton Bank held mortgages on all the real estate of the Falls Company. The Falls Company, after giving the mortgages to

the Bank, and before the filing of the said bill, sold a part of their real estate, all of which was so mortgaged to the Bank, to Brown and Hanson. The Bank bought at the Receivers' sale all the real estate then held by the Falls Company; and received from the proceeds of the sale the full amount of their incumbrances; and the proceeds of the sale were not sufficient to pay the judgments of the said Peter T. Smith and others, or either of them. Peter T. Smith then filed the bill in this case, against Brown and Hanson, to compel them to contribute, towards the payment of his judgment, so much as would have been a just proportion of the amount of the mortgages held by the Bank to be paid out of the lands so sold to Brown and Hanson, and which were covered by the mortgages to the Bank. After the filing of this bill, and after answer and replication filed and evidence taken, Peter T. Smith caused an execution to be issued on his judgment against the Falls Company, and caused a sale to be made by the Sheriff of all the real estate of the Falls Company which had been sold by the Receivers; under the idea entertained by his counsel that the said sale by the Receivers was void. At this sale the Bank bid a sum sufficient for the payment of the judgment of P. T. S-, and the Sheriff struck off the property to the Bank, and gave the Bank his Sheriff's deed for it; and the judgment of P. T. S. was paid with the money received by the Sheriff from the Bank at this sale. A motion was then made, on behalf of Brown and Hanson, that the said bill of Peter T. Smith be dismissed with costs.

*S. G. Potts* and *P. D. Vroom* in support of the motion.

*W. Halsted* resisted the payment of costs. He cited *Halst. Dig.* 634, 5; 9 *Ves.* 209; 8 *Ib.* 381, 6, 396; 1 *Story's Eq.*, sec. 634, 643, 651; 1 *John. Ch.* 413; 4 *Russell*, 326; 3 *Cond. Eng. Ch.* 697; 2 *Green's Ch.* 272; 3 *Barb. & Harr. Eq. Dig.*, sec. 40; 4 *Ib.* 124, 200, 508, sec. 14.

THE CHANCELLOR. The bill was not demurred to, but an answer was put in. The defendants do not in their answer allege that the sale by the receivers was void. If the receivers'

sale was good, the question whether the defendants should contribute towards the payment of the judgments of the complainants. is a question to be settled on the final hearing, on the pleadings and proofs; and a motion to dismiss could not now be entertained. on any ground appearing in the cause. Both the bill and the answer proceed on the ground that the receivers' sale was valid.

But since the filing of the answer the complainants have adopted a course of proceeding founded on the idea that the receivers' sale was void, or, at least, that the purchasers at the receivers' sale would be willing to pay for a sheriff's deed, under execution at law issued on the judgments of these complainants, enough to satisfy those executions, rather than meet the question of the validity of the receivers' sale. They issued executions on their judgments, and under them advertised and exposed to sale all the land sold by the receivers, as still the land of the Falls Company, the defendants in their judgments and executions; and at that sale the persons who bought those lands at the receivers' sale bid, for a title to them from the sheriff under those judgments and executions, enough to pay the debts of the complainants.

The questions now raised are, whether the complainants shall be permitted to go on with the suit in this court, after they have made their debt at law, for the purpose of recovering from the defendants in this suit the costs which the complainants have incurred on this court; and, if not, whether the defendants in this suit are entitled to costs against the complainants.

It is a case without parallel; and without rule, other than that of discretion; because I cannot determine whether the complainants should be permitted to go on here for their costs without determining whether the receivers' sale was valid or not; and this is a question not raised by the pleadings.

If the receivers's sale was valid, then the course of the complainants in filing their bill was the only course left for them to try; and I cannot, on bill, answer and replication, hear a motion to dismiss for any thing appearing on the pleadings.

The complainants have made their money by executions at law; but that does not settle the question—whether the receivers' sale was valid or not; and therefore does not settle the question of

the propriety of the filing of the bill when it was filed. The purchase made under the executions, by the persons who had previously bought at the receivers' sale, does not establish that the receivers sale was void; and therefore does not establish that these judgment creditors had a clear remedy without coming into this court by bill against these defendants for contribution.

I cannot, on motion to dismiss the bill on the ground that the complainants have made their money at law, determine that the receivers' sale was void, and that therefore the complainants had no ground for coming here when they filed their bill. The receivers' sale may be good notwithstanding the purchasers also bought at the sheriff's sale under the executions. I have now, therefore, no rule to go by in determining whether the bill was properly filed or not when it was filed, and no rule by which to determine whether the defendants should be allowed costs if the suit now stops.

The motion to dismiss the bill with costs is founded on the idea that these judgment creditors had an ample resort to make their money on their executions, and should not have come into this court at all; that there was no reason for calling on these defendants for contribution. Nothing which has been done establishes this. I do not see how I can give the defendants costs.

On the other hand, I do not think that the complainants are entitled to go on in this cause for the mere purpose of getting their costs. They could only get costs in this suit on the ground that the receivers' sale was good, and that therefore, having no other remedy, or any property to look to, they would be entitled to come here against these defendants for contribution. But they have proceeded by executions at law on the assumption that the receivers' sale was bad, or that, at least, it was so questionable that the purchasers at the receivers' sale would pay enough to satisfy their judgments, rather than meet the question; and they have succeeded in getting their money. Shall they now be permitted to proceed in this court on a bill which assumes the validity of the receivers' sale, for the mere purpose of getting their costs? I think not. If the defendants had set up in their answer that the receivers' sale was void, and the complainants had then issued executions at law and made their

money, the defendants might have been entitled to their costs in this court. But the defendants in their answer affirm the validity of that sale, and I could not on the pleadings in this cause question the validity of that sale.

I see no course left but to dismiss the bill without costs.

Order accordingly.